Norton, Jewett & Busby v. Williams.

---

# NORTON, JEWETT & BUSBY v. WILLIAMS.

1. UNRECORDED DEED: ATTACHMENT LIEN. Under the Code of 1851 (section 1211,) an attachment or judgment lien does not hold over a prior unrecorded deed.

2. BROWN v. TUTHILL. The case of *Tuthill* v. *Brown*, 1 G. Greene 189, considered, and the distinction between the Revised Statutes of 1843, chapter 54, section 31, and the Code of 1851, section 1211, pointed out.

3. PURCHASER AT SHERIFF'S SALE. *Semble* that the purchaser at a sheriff's sale, without notice, is a purchaser within the meaning of section 1211, and will hold against another claiming under a prior unrecorded deed.

## Appeal from Linn District Court.

### TUESDAY, NOVEMBER 1.

RIGHT. Both parties claim under one Turner. The plaintiffs' title stands thus: The property was attached July 10, 1855, at the suit of Butler & Winter against Turner. September 5, 1855, a judgment was obtained in that action, on which an execution issued, which was levied on the property in controversy. September 31st, it was sold under the execution, to plaintiff.

The defendant's title is this: October 2, 1854, he obtained a deed from Turner which was filed for record September 24, 1855. The real estate was uninclosed and unimproved. Defendant's possession was *constructive*, and not *actual*. At the sheriff's sale, defendant was present, gave notice of his deed, and also forbid the sale.

The court below upon this state of facts, found for defendant, and plaintiffs appeal.

*D. M. McIntosh*, for the appellant.

*Isbell, Hubbard & Stephens*, for the appellee.

[No brief on file.]

WRIGHT, C. J.[1]— The opinion of a majority of the court was filed at the December term, 1857, reversing this case, finding the title, upon the facts stated, to be in the plaintiffs.

[1] WOODWARD, J., dissenting.

At the same term a rehearing was granted, and the case is now again submitted upon further argument.

The defendant is to be treated as a purchaser in good faith, and for a valuable consideration. The question then, is whether his deed, made and delivered prior to the attachment and judgment, but recorded after both, is to have priority over the the title of the plaintiffs. Further thought and a more careful examination of the authorities, have brought us to the conclusion that the defendant's title must prevail, and that the former ruling was incorrect.

Appellants rely with much confidence upon the case of *Brown* v. *Tuthill*, 1 G. Greene 189. That decision was made under a statute containing this language: "No instrument in writing, that conveys any real estate, shall be valid, except between the parties thereto, and such as have actual notice thereof until the same shall be deposited with the recorder for record." (Rev. Stat. of 1843, chapter 54, section 31.) The present case is to be governed by the Code, which provides, that: "No instrument effecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded in the office of the recorder of deeds of the county in which the land lies, as hereinafter provided." (Section 1211:) Now, we incline to the opinion that under the statute of 1843, the case of *Brown* v. *Tuthill*, is against the current of the decisions. Without positively determining this, however, it is sufficient to say that there is a marked difference in the language and meaning of the two sections quoted, so far as they bear upon the present question. Under the act of 1843, the deed had no validity, until recorded, "*except between the parties and those having actual notice.*" By the Code however, it is of no validity *against subsequent purchasers, for a valuable consideration without notice*, unless recorded. So that by the former law it was good as against none, *except the parties and those having actual notice*, whereas by the Code, it has validity against *all except the subsequent purchasers.*

Norton, Jewett & Busby v. Williams.

The question then is, are the plaintiffs subsequent purchasers within the meaning of the law? If they are, it must be because their title dates from the day of the attachment, or what would be the same thing in this case, the rendition of the judgment. This position is true so far as the parties to those proceedings are concerned; or to those acquiring liens, whether by attachment, judgment, or otherwise, subsequent to the levy of the attachment, or the rendition of the judgment. It is not true however, so far as relates to the defendant's rights. His right commenced long before the attachment. Nine months before that time he paid his money and procured his deed.

It is said however that prior to the attachment, there was no actual notice of this deed; that being unrecorded, the creditors of Turner had a right to attach it, or levy upon it by execution, and that they, and those purchasing at the subsequent sale, acquired a lien upon, and obtained title to whatever interest from the proper records of the recorder's office seemed to be in Turner, at the date of the attachment. This argument (and it is the only one upon which appellant can stand) is susceptible, as we think, of easy refutation.

It is the *property* of the *debtor*, which is bound by the attachment from the time of service, and not the property of another. So also the judgment is a lien upon the real estate owned by the defendant at the time of its rendition, and not upon that owned by another. (Code sections 1874, 2485.) It is true that the phrase "real estate," includes lands, tenements and hereditaments, and all rights thereto, and interests therein, equitable as well as legal, but the judgment lien only extends to the interest owned by the defendant. If he has no interest legal or equitable, there is nothing upon which the judgment can rest; nothing to which the lien can attach.

But a further and important consideration is, that the defendant purchased, paid the consideration, and received his deed *before* the attachment, *before* the judgment, and *before* the purchase by the plaintiffs; that before their

purchase, plaintiffs had actual and constructive notice of the defendant's title, and at most, they only stand in the position of having an equal equity, and if so, the defendant's legal title must prevail; for where there is equal equity, the law must prevail. And in this connection let it be borne in mind that the recording of the deed is in no sense necessary to pass the title from the vendor to the vendee; that after the delivery of a properly executed conveyance, the title of the vendor, therein specified, is completely and entirely divested. And if the purchaser at the sheriff's sale has notice of this fact before his bid, before parting with his money, he can in no proper sense be styled a " subsequent purchaser for a valuable consideration, without notice," he has no equity that is .superior or even equal to the actual holder of the legal title. Again, while principles of public policy have dictated the equitible rule, that relief should not generally be granted against a *bona fide* purchaser, without notice; yet the rule has no place in favor of a judgment creditor, though he may have no notice of the outstanding equity. And the reason of this exception seems to us very cogent and satisfactory. The ordinary purchaser pays a new consideration. Not so with the judgment creditor. Such creditor comes in *under* the debtor, and not as does the purchaser, *through* him. The consequence is that the creditor is entitled to the same rights as the *debtor* had, and no more. By his purchase he stands in the place of the debtor. And the same rule applies to a third person purchasing at the sheriff's sale, with notice of the outstanding title.

For the purchaser to be protected he must take his title *without notice* of the prior conveyance. And in this respect the judgment creditor, or the purchaser under the execution sale, occupies certainly no better position than an ordinary vendee. In every instance, if there is notice of the prior conveyance, the purchaser is not an innocent one, for says Lord Hardwicke, in *Willoughby* v. *Willoughby*, 1 Term R. 763, *notice* makes the subsequent purchaser come in *fraudu-*

*lently.* Not only so but he must purchase and *pay his money, before notice,* in order to be protected. The whole essence of the reasoning which gives the subsequent purchaser preference, is that he has *paid his price,* which in good conscience demands he should be protected in as against the prior purchasers, who by his own laches failed to place his deed upon record. Where notice of the prior deed is given however, *before* the price or consideration is paid, and especially before the bid is made, such purchaser has no claim to equitable relief. If after such notice, he voluntarily purchases or pays his money, he has no one to blame but himself for his folly.

We are therefore brought to the conclusion that good conscience and reason unite in giving the preference to the defendant's title. And to this effect, are the following authorities :

Story's Eq. Jur. sections 64*c*, 410 note 1, 1502 note 2, 1503 *b* and note 2 ; *Valtier* v. *Hinde,* 7 Peters 252, 271 ; *Conard* v. *Atlantic Ins. Co.,* 1 Pet. 443 ; *Davis* v. *Onsby,* 14 Mo. 170 ; *Valentine* v. *Havren,* 20 Ib. 133 ; *Jackson* v. *Town,* 4 Cowen 620, and the New York cases generally. And we direct attention to the statutes of Missouri and New York under which these decisions were made, and to their similarity to ours. See also 4 Kent 181, and cases there cited.

Judgment affirmed.

WOODWARD, J. *dissenting.* — When the former opinion, holding a different doctrine, was written, I concurred in it, while one member of the court dissented. Since that, I have had no opportunity to re-examine the subject, and therefore cannot say affirmatively, that I concur in the present opinion. This would be of no consequence, but that it should not be permitted to appear, by implication, that this is the final view of the entire court.