## FORDS v. VANCE *et al.*

1. **Lien:** JUDGMENT AND UNRECORDED DEED. An unrecorded deed takes priority of a subsequent judgment; and a redemption by such subsequent judgment creditor from a prior judgment creditor, whose lien attached before the purchase, does not defeat such priority.

2. **Redemption:** JUDGMENT LIENS: Where a subsequent purchaser redeems from one whose judgment is senior to a sale of real estate by the debtor, the purchaser may redeem from the junior creditor by paying the amount due the prior judgment creditor. He is not required to pay the amount of both judgments.

3. **Appeal:** RECORD: TRIAL: The Supreme Court will not try the issues of fact in an equitable action *de novo* where it is not shown by the recitals of the decree, by bill of exceptions, by the certificate of the clerk, or in some other competent manner, that the record contains all the evidence submitted in the case.

*Appeal from Des Moines District Court.*

MONDAY, OCTOBER 10.

SUIT in equity to redeem. Judgment for plaintiffs and defendants appeal. The further necessary facts are stated in the opinion.

*M. D. Browning* for the appellants.

*J. C. & B. J. Hall* for the appellees.

COLE, J.—I. It is conceded by the pleadings, that the plaintiffs purchased the real estate of the judgment debtor,

1. LIEN: judgment: unrecorded deed.

Vance, before the confession of judgment by him in favor of defendant, Browning; and that Browning had notice of such purchase by the title papers being left with him, before he took his confession of judgment. In such case the unrecorded deed takes priority of the judgment (*Norton, Jewett and Busby* v. *Williams*, 9 Iowa, 528); and it is not in the power of such subsequent judgment creditor to defeat such priority, by first redeeming from a prior judgment creditor, whose judgment lien

2. RE- DEMPTION: judgment liens.

attached before the purchase. The purchaser may redeem from such subsequent judgment creditor, by paying the amount due the prior judgment creditor, and without paying any of the amount of the subsequent judgment over which his deed has priority.

II. The other questions made in the case, arise upon issues made in the pleadings, upon which evidence was

3. APPEAL: record: trial.

taken, and it does not appear from the transcript or certificate, that all the evidence has been sent to this court. The certificate of the clerk states that the transcript contains all the original papers and journal entries, and " also the original deposition of E. R. Ford, taken in this cause;" but whether that deposition was the only one, or was one of the many, taken in the case, does not appear. It should be shown by the recitals in the decree, by a bill of exceptions, by the certificate of the clerk, or in some other competent manner, that the transcript contains all the evidence in the case, in order to justify this court in reviewing the case upon its merits.

Affirmed.