KARGER and others, Respondents, vs. STEELE-WEDELES COMPANY, imp., Appellant.

*April 26 — May 16, 1899.*

*Mortgages: Attachment: Priority: Recording act.*

A mortgage on real estate, executed and delivered in good faith, but not recorded until after the levy of a writ of attachment and the filing of the certificate with the register of deeds, takes precedence to such attachment lien. The recording act only protects a subsequent purchaser in good faith for a valuable consideration, who first records his conveyance, from the effect of a prior unrecorded conveyance, and does not extend to attaching creditors.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Tomkins & Merrill*. To the point that the attachment lien was prior and superior to the mortgage lien, they cited secs. 2241, 2242, 2737, R. S. 1878; Drake, Attachment, § 239; *Shufeldt v. Pease*, 16 Wis. 689; *Hibben v. Soyer*, 33 Wis. 319; *Cutler v. James*, 64 Wis. 173; *Prickett v. Muck*, 74 Wis. 199; *Burt v. Merchants' Ins. Co.* 106 Mass. 356; *Wahrenberger v. Waid*, 8 Colo. App. 200; *Southern B. & T. Co. v. Folsom*, 75 Fed. Rep. 929; *Carter v. Champion*, 8 Conn. 549; *Bigelow v. Topliff*, 25 Vt. 288; *Mayham v. Coombs*, 14 Ohio, 428; *Cross v. Fombey*, 54 Ark. 179; *Butler v. Bank of Mazeppa*, 94 Wis. 351.

For the respondents there was a brief by *Gleason & Sleight*, and oral argument by *Richard Sleight*.

Roehm vs. Zehren.

WINSLOW, J.  This is an action of foreclosure of a real-estate mortgage, and the question presented is whether an attachment lien takes precedence of a prior mortgage upon the property, executed and delivered in good faith, but not recorded until after the levy of the attachment and filing of the certificate of attachment.  The trial court held that the mortgage lien was prior to the attachment lien, and this conclusion was undoubtedly correct.  The rule is thus correctly stated in 1 Wade, Attachment, § 253: "The attachment only operates as a lien upon the interest in the premises which the debtor has at the time of the levy.  This is the general rule, and is only varied by statutes which give the attaching creditor the same standing as subsequent purchasers without notice."  See, also, Drake, Attachment (7th ed.), § 234.

Our recording act only protects a "subsequent purchaser in good faith and for a valuable consideration," who first records his conveyance, from the effect of a prior unrecorded conveyance, and does not extend to attaching creditors. Stats. 1898, secs. 2241, 2242.  The same principle has been applied to a mechanic's lien in this state.  *Mathwig v. Mann*, 96 Wis. 213.

*By the Court.*— Judgment affirmed.