## KOHN v. LAPHAM *et al.*

1. Where a mortgage was executed in good faith, and delivered to defendant on July 10th, but not recorded until July 26th, and on July 11th a creditor of the mortgagor attached the property mortgaged, and filed notice of *lis pendens,* pursuant to Comp. Laws, § 4897, declaring that every person whose conveyance or incumbrance is executed or recorded subsequent to the filing of notice of *lis pendens* shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after filing of such notice to the same extent as if he were a party to the action, the title conveyed by the mortgage is superior to

that obtained by the purchaser at execution sale under the attachment, since the provisions of that section are controlled by Section 3293, declaring that every conveyance of real property is void as against any subsequent purchaser or incumbrancer whose conveyance is first duly recorded, and do not apply to attaching creditors.

2. Where a debtor mortgaged his property in good faith, and after the execution and delivery of the mortgage, but before it was recorded, a creditor attached the property, filing a notice of *lis pendens*, the rule that an attaching creditor only acquires such interest in the · property seized by virtue of his attachment as the debtor had at the time such proceedings were instituted, is not affected by Comp. Laws, § 4897, declaring that every person whose conveyance or incumbrance was executed or recorded subsequent to the filing of notice of *lis pendens* shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after filing of such notice, to the same extent as if a party to the action, since the effect of such provision is that such incumbrancer is bound to the same extent as if a party to the action, and, if he were a party to the action, the attachment proceedings would be nugatory.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Clark county. Hon. JULIAN BENNETT, Judge.

Action by Louis Kohn against Charles H. Lapham and another to cancel of record a certain mortgage; From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*C. G. Sherwood* and *Louis Danziger*, for appellant.

The title acquired by Kohn at the sheriff's sale related back to the levy of the attachment on July 11, 1895, at which time the Brown mortgage was not of record. Waples' Attachment, Sec. 853; 3 Ency. of Law, page 223; Freeman on Executions, Sec. 195.

The Brown mortgage, not having been filed for record until after the attachment and the filing of the notice of the pend-

ency of the suit, became, under Sec. 4897 of the code, a subsequent encumbrance, and must be treated as having been cut off by the proceedings in the attachment suit resulting in judgment against Brown and the sheriff's sale of the premises attached to appellant, Kohn. Ostrom v. McCann, 21 How. Pr. 431; Earl v. Barnard, 22 How. Pr. 437; Ayrault v. Murphy, 53 N. Y. 203; Cutler v. James, 64 Wis. 173; Collingwood v. Brown, 106 N. C. 362; Eldridge v. Stenger, 54 Pac. Rep. 540.

Section 4897 Comp. Laws is more than a mere *lis pendens* statute. It gives to the party making and filing the notice therein required the same protection against unrecorded conveyances or encumbrances as is afforded by the recording acts to subsequent purchasers and encumbrancers. 2 Jones Real Property, Sec. 1406; 2 Devlin Deeds, Sec. 635; Wade on attachments, Sec. 254; 2 Freeman Judgments, Sec. 366.

*F. G. Bohri* and *S. A. Keenan*, for respondents.

An unrecorded instrument of conveyance is void against subsequent purchasers or incumbrancers in good faith only. It does not include creditors or subsequent attachment liens. Norton v. Williams, 9 Ia. 532; Comp. Laws § 3293; Roblin v. Palmer, 9 S. D. 36; Bateman v. Backus, 4 Dak. 433; Trenton Banking Co. v. Duncan, 86 N. Y. 221; Plant v. Smith; 45 Cal. 161; Drake Attach. § 224.

*Lis-pendens* under our statute is simply notice to the world of the pendency of the action in which it issues. It in no manner affects valid rights existing prior to its record. Murray v. Ballou, 1 Johns. Ch. 566; Bennett on *lis pendens*, 162, 466; Parsons v. Hoyt, 24 Ia. 154; Bennett v. Hotchkiss, 20 Minn. 148; Parks v. Hendricks, 11 Wend. 442; Lamont v. Cheshire, 65 N. Y. 30.

CORSON, J. This is an action by the plaintiff to cancel a certain mortgage of record executed to the defendants to secure the payment of $2,500 by one Brown, who was the owner of certain real property in Clark county, in this state. Findings and judgment were in favor of the defendants, and the plaintiff appeals.

The plaintiff claims title to the mortgaged property under and by virtue of attachment proceedings in which Ederheimer, Stine & Co. were plaintiffs and George H. Brown was defendant. The action was commenced on July 11, 1895, to recover about $2,000, a warrant of attachment issued, and a notice of pendency of the action was filed on the same day. A judgment was recovered in the action against Brown, execution issued thereon, and the property sold thereunder to the plaintiff herein, Kohn, who subsequently received a sheriff's deed therefor. The defendants claim a lien upon the property by virtue of the mortgage executed to them by the said Brown, bearing date the 10th day of July, 1895, executed at Morrison, Ill., and recorded on the 25th day of Ju.y, 1895. After finding the facts substantially as above stated, the court concluded as matter of law that the lien of the defendants, as mortgagees, was senior and superior to the interest which said Kohn had in said premises by virtue of his sheriff's deed, and that said defendants were entitled to judgment in this action declaring said mortgage a first lien upon said premises, and that the claim of said plaintiff be declared null and void, so far as the same purports to affect the interest of said mortgagees under and by virtue of their said mortgage. The appellant contends that these conclusions of the court are erroneous, and that under the provisions of Section 4897 of our statutes, providing for filing a notice

of the pendency of an action, the failure of the defendants to record their mortgage prior to the commencement of the attachment suit, and the filing of a notice of the pendency of the action, had the effect of making the mortgage of the defendants a subsequent incumbrance.   The part of the section referred to reads as follows:   "And every person whose conveyance or incumbrance is subsequently executed or subsequently recorded, shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he were a party to the action."   The respondents contend, in support of the judgment of the court below, that the territorial supreme court and the present supreme court of the State of South Dakota have construed this clause in the section, and that this clause is controlled by Section 3293, Comp. Laws, which provides that "every conveyance of real property  *  *  *  is void as against any subsequent purchaser or incumbrancer  *  *  * whose conveyance is first duly recorded," and that within the terms of that section creditors are not included.   We are of the opinion that the contention of respondents is correct, and that the question here presented is, in effect, determined by the decision of this court in Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949, and Bateman v. Backus, 4 Dak. 433, 34 N. W. 66.   In those cases it was held that an unrecorded deed executed and delivered prior to, but not recorded until after, the filing of a *lis pendens* in attachment proceedings, conveys a little superior to that obtained by the purchaser at the execution sale under the attachment.   Those decisions were based largely upon the decision in the case of Lamont v. Cheshire, 65 N. Y. 30.   It is true that in the first two cases above cited the parties claimed

the property by virtue of an unrecorded deed, but we are of the opinion that one who claims a lien upon the property by virtue of an unrecorded mortgage executed in good faith occupies a position quite as favorable as the holder of an unrecorded deed. It was evidently the theory of the territorial supreme court, and is the theory of this court, that an attaching creditor by his attachment proceedings only acquires such an interest in the property seized by virtue of the attachment as the debtor had in the property at the time such proceedings were instituted, and that, if the debtor had parted with all title to the property prior to the attachment proceedings, he had no interest that could be levied upon by virtue of the attachment. Norton v. Williams, 9 Iowa, 528; Plant v. Smythe, 45 Cal. 161. If this theory is correct, it logically follows that, if the attachment debtor had mortgaged the property in good faith, prior to the levy of the attachment, the only interest in the property that could be levied upon would be his equity of redemption. The contention of the appellant that the filing of the notice of pendency of the action has changed this rule by making the conveyance in the former case or the mortgage in the present case a subsequent conveyance or incumbrance, so as to destroy their title, is not tenable. The same contention was made in Lamont v. Cheshire, *supra,* in which case the court said: "The plaintiff contends that the effect of this clause is that, if a purchaser has acquired a title regular in all respects except that the conveyance is not recorded, a creditor with full knowledge of his title may commence an action by attachment, file a notice of *lis pendens,* and thus obtain a lien superior to the title of such purchaser, and that, accordingly, a sale made to effectuate the attachment proceedings would destroy and cut off the unrecord-

ed conveyance." The court speaks of this as an extraordinary proposition in the law of real property, and contrary to the analogies of that law. After quite a full discussion of the subject of *lis pendens*, it uses the following language: "It has been seen, in the course of this discussion, that the theory of a *lis pendens* is that there must be no innovation in the proceedings so as to prejudice the rights of the plaintiff. It is simply a rule to give effect to the rights ultimately established by the decree. Applying this doctrine to the present case, it would be impossible to claim that a *lis pendens* could give a creditor under an attachment a lien superior to the title of a purchaser under an unrecorded conveyance. The statute distinctly provides that a person whose conveyance is executed or recorded subsequent to the filing of a notice shall be deemed a subsequent purchaser, and bound by the proceedings to the same extent as if he were a party to the action. It is necessary to ascertain, therefore, what would have been the effect if the defendants had been made parties to the action. Had the plaintiff made the defendants parties to the action, his attachment proceedings would, of course, have been nugatory.. As soon as the whole case had been disclosed, it would have appeared that he was making a claim against a person who was in no respect liable to him, and his complaint would have been dismissed. How can he, under the statute, have any greater claims by omitting him? The words, 'to the same extent as if he were a party to the action,' cannot be omitted in construction. The scope of the clause is quite apparent. The case of conveyances executed after the filing of the notice comes within the ordinary rules of equity. What is new in the 132d section of the Code is the provision in respect to a conveyance executed prior

to and recorded subsequent to the filing of the notice. The clause as to this matter was introduced mainly to provide for a class of controversies where a title inferior in right and subordinate to that of the plaintiff had not been put on record, but had accrued prior to the commencement of the action or of the filing of the notice. Under the former rules it would be necessary to make the owner of such a title a party, as his right did not come to him during the pendency of the action. It might frequently be difficult for the plaintiff to ascertain the fact that such a sale had taken place. The section of the Code as modified, makes all such inquiry unnecessary. While it also applies to cases of rights superior to those of the plaintiff, it only affects them in such a way as they would be influenced if the owners were parties to the action. * * * There is but a single underlying principle. This is that the holder of the unrecorded instrument is affected to the same extent 'as if he were a party to the action,' and had not appeared, or made any defense." This construction of the clause by the court of appeals of New York meets with our approval. The evident object and purpose of the clause is to treat the party whose conveyance is subsequently recorded as a subsequent purchaser or incumbrancer for the purposes of the action, to the same extent as if he were properly a party to the action, and for the purpose of binding him by the proceedings in said action. It certainly could not have been intended by this clause of the section to transfer to the plaintiff in the action a title to the property to which he would not otherwise be entitled. If the plaintiff was, in fact, a purchaser or incumbrancer in good faith, and without notice, he might, under Section 3293, acquire a title superior to the title of the party whose deed is not

recorded. but an attaching creditor is not a purchaser or incumbrancer in good faith and without notice, as he comes in under the defendant in the attachment suit, and simply acquires the title that such defendant had at the time the attachment proceedings were instituted. Norton v. Williams, *supra*; Drake, Attachm. (6th Ed.) § 223. Counsel for appellant call our attention to Cutler v. James, 64 Wis. 173, 24 N. W. 874; Collingwood v. Brown, (N. C.) 10 S. E. 868; and Eldridge v. Stenger, (Wash.) 54 Pac. 541. We have given these cases careful attention, but are of the opinion that they are not in conflict with the principles here laid down. The views herein expressed lead to the conclusion that the judgment of the court below is correct, and the same is affirmed.