## MURPHY V. PLANKINTON BANK *et al.*

1. A party claiming that findings are not supported by the evidence should move for a new trial, and, if it is denied, may appeal from· the order denying the motion; otherwise, he is concluded by the findings.

2. Where in an action to quiet title defendants claimed under a deed alleged to be in fact a mortgage, and the court found that the deed was intended as a mortgage, such deed constituted a valid lien on the property,

except as to purchasers or incumbrancers without notice; under Comp. Laws, § 4357, providing that a mortgage shall be a lien on the property as against every one claiming under the mortgagor, except purchasers or incumbrancers in good faith, without notice; and a person obtaining title through an attachment was not such a purchaser or incumbrancer.

3. A party obtaining title to real estate by attachment, not being a purchaser or incumbrancer without notice, and for value, cannot question the validity of a mortgage made by the owner of land to a bank, though made in the form of a deed absolute, and recorded as such without any defeasance being recorded as provided by statute.

4. In an action to quiet title a judgment for plaintiff will not be set aside for the reason that defendants claim title absolute, and the court finds that the deed to them did not convey absolute title, but was in fact intended as a mortgage.

5. Comp. Laws, § 4370, provides that every grant of real estate intended as a mortgage must be recorded as such. Section 4371, provides that a grant of realty purporting to be an absolute conveyance, but which is in fact defeasible, is not effective as against other than the grantee and his heirs, unless an instrument of defeasance shall have been recorded. *Held* that, in order for a party to claim the benefit of these sections, it must appear that he is a purchaser or incumbrancer in good faith, without notice, and that they did not apply to an attaching creditor.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Annie B. Murphy against the Plankinton Bank and William Plankinton. Judgment for defendants, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Melvin Grigsby, William H. Lyon, Geo. T. Blackman,* and *Sioux K. Grigsby,* for appellant.

An instrument in the form of a deed but in reality a mortgage, should be recorded and registered in the mortgage

records.    Day v. Dunham, 2 Johns Ch.  182; Gilligg v. Moss,
28 N. Y. 191; James v. Morey, 2 Cowen, 246; Bank v. Bank,
42 Am. Dec. 240; Friedly v. Hamilton, 17 Am. Dec. 638; Brown
v. Dean, 3 Wendell, 208; Jaques v. Weeks, 7 Watts. 261;
Edwards v. Trumball, 50 Pa. St. 509; McLanahan v. Reeside,
9 Watts, 508; Grimstone v. Carter, 3 Paige 421; Jackson v.
VanVelkenberg, 8 Cowen 260.    An unrecorded mortgage is
postponed to a judgment of later date.    Friedly v. Hamilton,
17 Am. Dec. 639; Bank v. Bank, 42 Am. Dec. 240; Newton v.
Bank, 71 Conn. 358; Main v. Alexander, 9 Ark. 112; Martin v.
Obannon, 35 Ark. 68.

A deed being in fact a mortgage and expressing a consid-
eration of "one dollar and other valuable consideration" is as
to creditors, void for uncertainty.    Pettibone v. Griswold, 4
Conn. 159; Bramball v. Flood, 41 Conn. 68; Hart v. Calker, 14
Conn. 77; Pierce v. Hall, 12 Bush. 209; Storms v. Storms, 3
Bush. 77; Fetes v. O'Laughlin, 17 N. W. 765; Boyle v.
White, 26Maine, 341; Trumbull v. Thomas, 1 Hughes, 172.

There can be no recovery upon a cause of action that is in
substance variant from that which is pleaded in the plaintiff.
Anderson v. Chilson, 8 S. D. 69; Lewark v. Carter, 20 N. E.
119; Bradley v. Aldrich, 40 N. Y. 504; Homer v. Homer, 107
Mass. 82; Parker v. Lide, 90 Ala. 246.

*T. B. McMartin* and *A. B, Kittredge*, for respondents.

A sheriff's deed vests in its grantee all the title vested in
the debtor at or after the time when such property became
liable to the satisfaction of the judgment.    Roblin v. Palmer,
67 N. W. 949; Bateman v. Backus, 4 Dak. 433; Bank v. Bank,
100 Cal. 590.

Where fraud is constructive only, the grantee comes into
court with comparatively clean hands and the courts treats

him with leniency.    Daisy Roller Mill v. Ward, 70 N. W. 273;
Corvon v. Millandon, 19 How. 115; Clements v. Moore. 6 Wall.
312; Bean v. Smith, 2 Mason 252; Tompkins v, Sparnt, 55 Cal.
31; Robinson v. Stewart, 10 N. Y. 189; Latstein v. Lebn, 120
Ill. 549; Bump Fraud, Convey, 631; Paulson v. Ward, 58 N.
W. 794; Wallace v. Penfield, 106 U. S. 147.

Corson, J.    This is an action to quiet title to a tract of
farm land in McCook county.    Judgment for the defendants,
and the plaintiff appeals.    The case was tried by the court
without a jury.    The court found, in substance, as follows:
That on the 24th day of May, 1893, Frederick T. Day, of Mil-
waukee, Wis., was the owner in fee of the land described in
the complaint; that on the 2d day of June 1893, Melvin Grigsby
commenced an action in the circuit court of Minnehaha county
against said Day, and in said action attached the property de-
scribed in the complaint in this action, and on the 3d day of
June, 1893, duly filed for record in the office of the register of
deeds of McCook county a notice of the pendency of the action;
that the subsequent proceedings of the action of Grigsby
against Day resulted in a judgment for said Grigsby, which
said judgment was regularly filed and docketed on the 12th day
of October, 1895; that under and by virtue of said judgment the
land in controversy was sold at execution sale, and on the 6th
day of December, 1895, a certificate of sheriff's sale was duly
issued to said Grigsby, who was the purchaser at said sale;
that said sheriff's certificate was assigned by said Grigsby to
William H. Lyon, and thereafter, on the 30th day of December,
1896, a sheriff's deed was issued to said Lyons, and duly re-
corded in the register of deeds' office in McCook county; "(6)

that on the 4th day of October, 1897, the said William H. Lyon and his wife, for a valuable consideration, duly executed, acknowledged, and delivered to the plaintiff, Annie B. Murphy, a deed to the land described in the complaint." The court further finds that the defendant, the Plankinton Bank, was a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin; that on the 1st day of June, 1893, said bank duly assigned all of its property to the defendant William Plankinton for the benefit of its creditors, and that said Plankinton duly qualified and entered upon the discharge of his duties as assignee; that on the 24th day of May, 1893, said Frederick T. Day and wife made, executed, duly acknowledged, and delivered to the said defendant bank an instrument purporting to be an absolute deed to the property in controversy, which said instrument, on the 12th day of June, 1893, was duly recorded in the office of the register of deeds of McCook county; that on the 24th day of May, 1893, said Day was the president of the defendant bank, and was justly indebted to said bank in a sum exceeding $175,000, and that he executed and delivered the instrument above described, together with other deeds in like form, conveying a large quantity of lands in the states of South Dakota, North Dakota, Minnesota and Wisconsin, for the purpose of securing the payment of all his said indebtedness to the said bank, and for no other consideration; that of said indebtedness of said Day to said bank a sum of not less than $175,000 remains due and unpaid; that the plaintiff herein made no offer to redeem, and no tender. The court concludes as matter of law: "First. That the instrument set forth in finding number eight is a mortgage, and is a valid and subsisting lien upon the premises described in plaint-

iff's complaint securing the payment of the indebtedness mentioned in the foregoing findings of fact; and such lien of said defendants is superior to the right, title and interest of the plaintiff in said premises.    Second.    That, subject to the lien of the defendants' said mortgage, plaintiff is the owner of said premises.    Third.    Let a judgment be entered in favor of the defendants, with costs and disbursements."    Judgment was accordingly entered in favor of the defendants.    The findings of fact by the court in reference to the execution of the deed by Day and wife to the defendant bank and the indebtedness of Day to the bank were excepted to, and a motion for a new trial was made, one of the grounds of which was that the evidence was insufficient to justify the findings.

The appellant contends: (1) That as the deed from Day to the bank was in fact a mortgage, and was recorded in the book of deeds, it did not give constructive notice; (2) that the deed being in fact a mortgage, and it being agreed between the parties that it should be kept from record to protect the credit of Day, it was fraudulent as to creditors; (3) that the rule established by this court in Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949, that an unrecorded deed is good as against an attaching creditor, does not apply to an unrecorded mortgage; (4) that the deed being in fact a mortgage, and the consideration being "$1 and other valuable consideration," it was void, as to other creditors, for uncertainty; (5) that the conveyance was purely voluntary, and as such void as to creditors; (6) that the delivery of the deed to the bank of which Day was president, and the placing of the same in the bank vault, was not a good delivery of the deed; (7) that it was error for the court to find that the deed was a mortgage, and as such was a

valid and existing lien superior to the title of the plaintiff, under the pleadings, without an amendment of the same.

Before proceeding to discuss the case upon the merits, we will refer to a question of practice raised by the respondents which is that the sixth finding of fact is not supported by the evidence. The respondents are not in a position to raise this question, for the reason that they made no motion for a new trial. A party who claims that •the findings are not supported by the evidence should move for a new trial upon that ground, and, if the same is denied, he may take an appeal to this court from the order denying such motion; otherwise, he is concluded by the findings. The adverse party may also appeal. We have no such proceeding in our practice as a cross assignment of error unless based upon a proper motion for a new trial, and an appeal from the order denying the same. In Hayne, New Trial, § 244, that learned author says: "Findings are conclusive if not attacked in the mode prescribed by the statute. In the early history of the court it was supposed this rule did not apply to equity cases. It was at that time supposed that, as under the old chancery practice, an appeal took up the whole case, and that the appellate court examined the evidence as if it were a court of original jurisdiction. But this theory was soon exploded, and the rule that findings were conclusive in all cases unless attached in the modes pointed out by the statute became well settled." In our view of the case however, this finding is not very material, as it omits one essential qualification contained in the statute. Section 4350, Comp. Laws, provides: "The fact that a transfer was made subject to defeasance on a condition may, for the purpose of showing such transfer to be a mortgage, be proved,

except as against a subsequent purchaser or incumbrancer, for value and without notice, though the fact does not appear by the terms of the instrument." It will be observed that in this section the exception is, "as against a subsequent purchaser or incumbrancer, for value, and without notice." "Without notice" is an essential part of the exception, and this is omitted from the finding. Neither is the plaintiff a purchaser or incumbrancer within the meaning of the statute. This brings us to the merits of the case. It was found by the court that the deed from Day to the defendant bank was duly filed for record in the office of the register of deeds of McCook county, and was duly recorded, etc. But this finding, for the purpose of this decision, will be taken as finding that the deed was recorded as a deed, and not as a mortgage. The court having found that this deed was intended as a mortgage, it constituted a valid lien upon the property, except as to purchasers or incumbrancers in good faith, without notice, and for value, as provided in section 4357, Comp. Laws, which reads as follows: "A mortgage is a lien upon the property mortgaged in the hands of every one claiming under the mortgagor sussequent to its execution, except purchasers or incumbrancers in good faith, without notice and for value, and except as otherwise provided by article 3 of this chapter." The plaintiff in this action, deraigning her title through the Grigsby attachment proceedings, was not such a purchaser or incumbrancer, and is not in position to question the validity of this mortgage, The rule established in Roblin v. Palmer, *supra,* that "an unrecorded deed is good as against an attaching creditor," has been held by this court to apply to an unrecorded mortgage. Kohn v. Lapham, 13 S. D. 78, 82 N. W. 408. See, also,

Bank of Ukiah v. Petaluma Sav. Bank, 100 Cal. 590, 35 Pac. 170; and Karger v. Steele-Wedels Co., 103 Wis. 286, 79 N. W. 216. In Kohn v. Lapham, *supra,* the court says: "If the plaintiff was, in fact, a purchaser or incumbrancer in good faith, and without notice, he might, under section 3293, Comp. Laws, acquire a title superior to the title of the party whose deed is not recorded; but an attaching creditor is not a purchaser or incumbrancer in good faith, and without notice, as he comes in under the defendant in the attachment suit, and simply acquires the title that such defendant had at the time the attachment proceedings were instituted." In Bank of Ukiah v. Petaluma Sav. Bank, *supra,* the supreme court of California says: "The lien being created by the mere execution and delivery of the mortgage, the next question is whether the lien is lost as to a judgment or attaching creditor because the mortgage is not recorded. It is enough to say that the statute does not so provide. The mortgage unrecorded is only void as against subsequent purchasers or mortgagees for value, and in good faith. Civ. Code, §1214. An attaching creditor takes only whatever interest the debtor has. 'An attachment and the levy of an execution or a judgment lien are not much different, and an attachment creditor cannot be considered as a *bona fide* purchaser. The creditor is entitled to the same rights the debtor had, and to no more.' Ping. Chat. Mortg. § 665. See, also, Foorman v. Wallace, 75 Cal. 553 17 Pac. 680."

The decision of this court, as well as that of the supreme court of California, is based upon the theory, as will be observed, that an attaching creditor is not a purchaser, within the meaning of the statute. This view is supported by the provisions of

our Code relating to the sale of real property under execution. Secton 5148 provides as follows: "Upon a sale of real property the purchaser is substituted to, and acquires all the right, title, interest and claim of the judgment debtor, thereto." Section 5160 provides as follows: "Upon the expiration of the period for redemption the proper officer must make the purchaser or the person entitled thereto, a deed of the real property sold. The deed * * * shall vest in the purchaser or other party as aforesaid, as good and as perfect title in the premises therein mentioned and described as was vested in the debtor at or after the time when such real property became liable to the satisfaction of the judgment." The plaintiff, therefore, not being a purchaser or incumbrancer without notice, and for value, cannot, under either Section 3293, 4350, or 4357, question the validity of the mortgage made to the defendant bank by Day, although made in the form of a deed absolute, and recorded as such without any defeasance being recorded.

It is further contended by the appellant that the mortgage is fraudulent as to creditors, but the question of fraud is not raised by the pleadings, nor was there any finding upon that subject; hence the question of fraud is not properly before us. The conveyance cannot be considered as voluntary in the sense that it was without consideration, as it appears from the findings that Day was indebted to the bank at the time he executed the deed intended as a mortgage in a large amount.

It is further contended that there was no delivery of the deed, but the court finds that the deed was "made, executed, duly acknowledged, and delivered" to the defendant bank, and we are of the opinion that this finding is clearly supported by the evidence.

It is further contended on the part of the appellant that the judgment is erroneous under the pleadings, for the reason that the defendants pleaded and claimed title absolute, and the court finds that the deed did not convey absolute title, but was in fact intended as a mortgage to secure the indebtedness of Day to the bank. There is some force in this contention, but the point is, at most a technical one, and if we deemed it necessary, we could now order the record to be amended to make the pleadings correspond with the proof. As the question presented, however, was, in effect, whether or not the defendants had any claim upon this property, we think the question was properly adjudicated in this action.

It is further contended that under the provisions of Sections 4370 and 4371 the deed in this case, being recorded as a deed, and not as a mortgage, did not give constructive notice to any one of its contents, and was in fact void as against all parties other than the grantor, or his heirs or devisees, and persons having actual notice. The two sections referred to read as follows:

"Sec. 4370. Every grant of real property, or of any estate therein, which appears, by any other writing, to be intended as a mortgage within the meaning of Chapter 1 of this title, must be recorded as a mortgage; and if such grant and other writing explanatory of its true character are not recorded together at the same time and place, the grantee can derive no benefit from such record.

"Sec 4371. When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his

heirs or devisees or persons having actual notice; unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated."

If the plaintiff had been a purchaser in good faith, without notice, and for value, of the property in controversy directly from Day, or had deraigned her title through any such purchaser, the contention of counsel might be tenable; but we are of the opinion that these two sections must be construed in connection with Sections 3293, 4350, and 4357, and that, therefore, in order for a party to claim the benefit of these sections it must appear that he is a purchaser or incumbrancer in good faith, without notice, and for value. The plaintiff, as we have seen, is not such a purchaser or incumbrancer. She acquired only such title under the attachment proceedings as Day had on the 2d day of June, 1893, when the writ of attachment was levied upon the property; and, as we have seen, at that time Day had mortgaged the property to the defendants to secure a large amount of indebtedness, and the appellant therefore only secured such right as Day had in the equity of redemption of the mortgaged property. Finding no error in the record, the judgment of the court below is affirmed.