COLER *et al .v.* STERLING, *County Treasurer, et al.*

1. An instrument directed to the treasurer of a school district, and directing the payment of money at a future time, not being in conformity with Laws Dak. 1879, Chap. 14, §§44, 92, giving a form for school warrants, and not authorizing the issuance of warrants payable in the future, is not a school warrant, and is not receivable for school taxes, under Laws S. D. 1891, Chap. 14, § 80, providing that such warrants shall be so received.

2. Under Comp. Laws, § 5535, providing that part 2 of the Code, which includes Chapter 6, which is the statute of limitations, shall be applicable to a proceeding under the chapter which relates to mandamus, etc., a proceeding in mandamus to compel a school treasurer to accept in payment of school taxes an order on such treasurer, not under seal, and payable at a date several years after its issuance, must be commenced within six years of the maturity of the order, under Comp.

Laws, § 4850, limiting action on contract to six years, notwithstanding Laws S. D. 1891, Chap. 14, § 80, making school warrants receivable for taxes, which was passed after the former act, does not except warrants barred by limitation.

3. Where a bill of exceptions is not filed till after the expiration of the statutory period after the rendition of the judgment, but it does not appear that the time was not extended by the court, as authorized for good cause, or by consent of the adverse party, it will be presumed on appeal that the time was so extended.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Beadle county. Hon. A. W. Campbell, Judge.

Mandamus by W. N. Coler and another against Edward Sterling, as treasurer, and others to compel the reception of certain school warrants in satisfaction of school taxes. From a judgment in favor of plaintiff defendants appeal. Reversed.

*Henry C. Hinckley,* for appellants.

*John L. Pyle,* for respondents.

Haney, P. J. The purpose of this special proceeding is to compel the treasurer of Beadle county and the treasurer of the board of education of the city of Huron to receive two alleged school warrants in satisfaction of school taxes due from the plaintiffs to the board of education. The alleged warrants are the same, except as to amount, one of which reads as follows: "$200.00. Territory of Dakota, County of Beadle. Huron, February 15th, 1881. To L. J. Corbin, Treasurer of School District Number One; On the 15th day of February, 1884, pay to C. C. Hills or bearer, the sum of two hundred dollars, for cash, out of any money in your hands belonging to the school house fund, not otherwise appropriated, belonging to said district, with interest at ten per cent per annum, payable annually. O. A. Cheney, District Clerk. T. J. Nichol,

Director." The court below found that the board of education of the City of Huron is the lawful successor of school district No. I, and concluded that the alleged warrants should be received for plaintiff's taxes. When this controversy arose, the law provided that "school warrants shall be received for school taxes." Laws S. D. 1891, Chap. 14, § 80. It is contended by defendants, however, that the instruments tendered by the plaintiffs in satisfaction of their taxes are not school warrants, for the reason that they provide for payment three years after date of issue. The law in force when they were issued contains the following:

"Sec. 44. School Orders—Payment of. The clerk shall draw all warrants or orders for the payment of money for teachers' wages, or any other purpose legally ordered by the school board, or by the voters at any district meeting. Said orders shall also be signed by the director, and paid by the treasurer on presentation. Each order shall specify whether the money is to be paid from the teachers' fund, the contingent fund or the school house fund; and in case the treasurer has no money in the fund drawn upon to pay such school warrant, he shall indorse it "Not paid for want of funds" and all orders so presented and indorsed shall draw ten per cent interest after presentation until paid, unless otherwise expressed in writing. If there be money in his hands to pay a portion of such warrant, he shall pay such money and indorse the amount so paid upon the warrant, and interest at ten per cent shall accrue upon the amount unpaid."

"Sec. 92. The form of order on the district treasurer may be as follows: 'To————, treasurer of school district number———— of the county of ————. Pay to the order of ————, the sum of ———— dollars for ————, out of any money in your hands belonging to the ———— fund, not otherwise appropriated, belong-

ing to said district. ———, District Clerk. ———, Director. Dated at ———, D. T., this ——— day of 18—.' "

Laws Dak. 1879, c. 14, §§ 44, 92.

In view of these provisions of the statute, it seems clear that the school district was not authorized to issue warrants or orders payable by their terms at a future date. Whether the instruments in suit are valid for any purpose we do not decide; but they were not school warrants when issued, and therefore are not receivable for taxes under the law of 1891. Again, the co-called warrants are not under seal. They were issued February 15, 1881, and were, by their terms, payable February 15, 1884. This proceeding was commenced in June, 1896. If these instruments are of any validity whatever, they are express contracts falling within the six-years limitation. Comp. Laws, § 4850. They are not, nor do they purport to be, ordinary school warrants, payable upon presentation in the order of registration, or when sufficient funds shall have been accumulated for the purpose. They are express promises to pay specified sums at specified times, upon which causes of action accrued February 15, 1884. It is contended, however, that the limitations upon civil actions prescribed by the code of civil procedure have no application to special proceedings of a civil nature. The only authority cited by respondent in support of this contention is Pelton v. Supervisors, 10 Wis. 63. That was an action upon a county order or warrant. The defendant pleaded the statute of limitations. After having decided the only question involved by holding that such orders are simple contracts barred in six years from date of presentation for payment, the court suggests that: "Although the action might be barred upon them in six years, still orders are available to the amount of their face in payment of county taxes under the provisions of the statute; so that, though an action

will not lie upon an order upon which the statute of limitation has run, still it is not lost to the holder thereof." This dictum may be entitled to respect, but it is not binding as a precedent. We think the statutes of this state demand a different construction. "Except as otherwise provided in this chapter, the provisions of part 2 of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this chapter." Comp. Laws, § 5535. "This chapter" relates to writs of certiorari, mandamus, and prohibition. "Part 2 of this code" includes chapter 6, which prescribes the periods within which actions may be commenced. The chapter relating to mandamus contains no provisions on the subject of limitations. Therefore, we think, that, whether remedies are sought in the courts of this state by means of civil actions or special proceedings of a civil nature, they are subject to the statute of limitations. Since the adoption of the Revised Codes of 1877, territorial, state, county, city, and school warrants have been receivable for taxes, the law making no express exception as to warrants barred by the statute of limitations. Pol Code 1877, c. 28, § 42; Laws 1891, c. 14, § 80; Laws 1897, c. 28 § 80. Hence in ascertaining the legislative intent it cannot be argued that any additional force should be given the act of 1891 because enacted later than the Code of Civil Procedure. Where the provisions of one code conflict with another, the provisions of each must prevail as to all matters arising thereunder. Roberts v. Parker, 14 S. D. 323, 85 N. W. 591. If there is any conflict between the law relating to procedure in mandamus proceedings and the law relating to the receipt of warrants for taxes, the former must prevail on this appeal. The conflict in this instance, however, is more apparent than real. Effect can consistently be given to both provisions. It might be conceded that the law permits barred warrants to be

received in satisfaction of taxes, or that public officers are author-
ized to waive the statute of limitations, but it cannot be contended
ithat such officers are deprived of the right to plead the statute
whenever the holder of such warrants attempts to enforce his
rights either in a civil action or special proceeding of a civil nature.
The questioned here discussed was neither involved nor decided
in Town Lot Co. v. Lane, 7 S. D. 599, 65 N. W. 17.

It appears from the abstract that the decision and judgment of
the lower court were rendered February 3, 1898, and that the bill
of exceptions was settled March 7, 1899. Neither the trial court
nor the judge thereof is authorized to extend the time for serving and
settling a bill of exceptions or statement, or to fix another time in
which the same may be served and settled after the statutory and
extended time has expired, except by consent of the adverse party,
or for "good cause shown." McGillycuddy v. Morris, 7 S. D.
592,65 N. W. 14. In the absence, however, of any showing to the
contrary, where exceptions appear to have been settled after the
statutory period has elapsed, it will be presumed that the time
was extended by consent or for good cause shown. In the ab-
sence of an additional abstract, the court on appeal will assume that
a bill of exceptions was properly settled, though such fact does
not affirmatively appear from the abstract. State v. Evans, 12 S.
D. 473, 81 N. W. 893. If it shall appear, when this proceeding has
been remanded, that the defendants, or either of them, shall have
complied with the plaintiffs' demand after the appeal was taken,
or if for any reason a peremptory writ of mandamus should not be
issued, the circuit court can make such disposition of the matter
as shall be consistent with the changed conditions and the views
herein expressed.

The judgment is reversed.