(105 N. W. 942.)

---

JOHN VALLELY v. FIRST NATIONAL BANK OF GRAFTON, A CORPORATION, CHARLES A. HARRIS, JOHN L. CASHEL, J. E. GRAY, HENRY BLASE AND JOHN CONNOLLY.

Opinion filed November 25, 1905. Rehearing denied January 27, 1906.

**General Creditors — Recording Laws.**

1. General creditors are not within the protection of the recording laws of this state relating to real estate.

**Same — Deed as Mortgage — Failure to Record Defeasance — Effect as to General Creditors.**

2. Section 4730, Rev. Codes 1899, which declares that a grant absolute in form but intended to be defeasible is not affected "as against any person other than the grantee," etc., unless a defeasance is recorded, construed and *held*, that the term "any other person" means any person otherwise entitled to the protection of the recording laws, namely, subsequent purchasers and incumbrancers, and does not include general creditors.

**Same — Bona Fide Purchaser — Effect of Actual Notice — Deed by Trustee in Bankruptcy — Title Acquired.**

3. One Savard, the owner of certain real estate, executed a conveyance to Deschenes, in form a warranty deed to secure a debt which he afterwards paid. No defeasance was recorded. Thereafter Deschens' trustee in bankruptcy gave a deed to plaintiff, who had actual notice that the conveyance to Deschenes was for security. *Held*, (1) That the trustee's deed to plaintiff did not convey title; and (2) that the trial court did not err in sustaining a mortgage subsequently executed by Savard, the true owner.

Appeal from District Court, Walsh county; *Kneeshaw*, J.

Action by John Vallely against the First National Bank of Grafton and others. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Charles F. Templeton*, for appellant.

Where a deed is given as a mortgage, parol agreement as to defeasance is inoperative as to creditors of the grantee. Tomlinson v. Monmouth Mut. Fire Ins. Co., 47 Me. 232; Foote v. Hart-

ford Ins. Co., 119 Mass. 259; Red River Valley Land & Inv. Co. v. Smith, 7 N. D. 236, 74 N. W. 194.

Filing of a petition in bankruptcy is equivalent to a seizure of the property by execution or attachment. In re Perkins Plow Co., 112 Fed. 308; In re Garcewich, 115 Fed. 87; Mueller v. Nugent, 46 L. Ed. 405; In re Rodgers, 125 Fed. 169, 180.

Whatever estate the bankrupt had or his trustee as representing his creditors acquired, passed under the trustee's deed. Wood v. Chapin, 13 N. Y. 509; Lacustrine Fertilizer Co. v. L. G. & Fer. Co., 82 N. Y. 476; Cole v. Gourlay, 79 N. Y. 527; East v. Pugh et al., 32 N. W. 309; Hayes v. Nourse, 114 N. Y. 595, 22 N. E. 40; Pierce v. France, 47 Me. 507; Bell v. Twilight, 45 Am. Dec. 367; Pringle v. Dunn, 37 Wis. 449; Craig v. Zimmerman, 56 Am. Rep. 466; Doyle v. Waile, 11 Am. St. Rep. 334; Red River Valley Land & Inv. Co. v. Smith, supra; Gunnison Co. Commissioners v. Rollins & Sons, 137 U. S. 255, 43 L. Ed. 689.

The bank cannot claim the rights of bona fide purchasers, as its cashier had actual notice, and the mortgage was given to secure a pre-existing debt. Rev. Codes 1899, section 5130; Porter et al. v. Andrus et al., 10 N. D. 558, 88 N. W. 567; De Lancy v. Stearns et al., 66 N. Y. 157; Howells v. Hettrich, 54 N. E. 677; Commercial Nat. Bank v. Pirie, 82 Fed. 799; Schloss et al. v. Feltus, 61 N. W. 797; Lillibridge v. Allen et al., 69 N. W. 1031; Pride v. Whitfield, 51 S. W. 1100; March v. Ramsey, 35 S. E. 433; Morse v. Godfrey, 3 Story, 389.

*Gray & Casey,* for respondents.

At the time of the transaction in question, the recording acts protected only bona fide purchasers and incumbrancers in good faith without notice, but not creditors. Rev. Codes 1899, sections 3594, 4703, 4713; 2 Dembitz on Land Titles, 134; footnote, Stephens v. Keating, 17 S. W. 37; 1894 Minn. Stat. 4180; 24 Am. & Eng. Enc. Law, 125 (2d Ed.); Murphy v. Plankinton Bank, 83 N. W. 575; Columbia Bank v. Jacobs, 10 Mich. 349; Wolf v. Theresa Village Mut. Fire. Ins. Co., 91 N. W. 1014; Bryan v. Traders Ins. Co., 145 Mass. 389, 14 N. E. 454.

Under the bankruptcy act of 1867 the assignee took the bankrupt's property subject to all equities, liens or incumbrances which existed against the property in the bankrupt's hands, except such attachments and transfers as the law avoids. Yeatman et al. v.

New Orleans Sav. Institution, 95 U. S. 764, 24 L. Ed. 589; Stewart v. Platt, 101 U. S. 731, 25 L. Ed. 816; Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993; Bush on Bankruptcy, 398 and 392.

The rule is the same under the present bankrupt act. Collier on Bankruptcy, 408; Loveland on Bankruptcy, 285; 5 Enc. 352; Bush on Bankruptcy, supra.

At the time of the adjudication of bankruptcy a judgment becomes a lien upon the interest which the judgment debtor has in land, and nothing more, even though land appears of record to stand in his name. Dalrymple v. Security Loan & Trust Co., 11 N. D. 65, 88 N. W. 1033; Fitzgerald v. Miller, 63 N. W. 221; Bank v. Petaluma Sav. Bank et al., 35 Pac. 170; 17 Am. & Eng. Enc. Law, 778; 1 Black on Judgments, 421; Moore v. Thomas, 36 N. E. 712.

A mortgagee whose mortgage debt is fully paid, not only has no interest in the land mortgaged, but is liable to a penalty if he does not release it on demand. Sections 3792, 3797 and 4724, Rev. Codes 1899; Kronebusch v. Raumin, 6 Dak. 243; Decker v. Decker, 89 N. W. 795; McMillan v. Richards et al., 9 Cal. 365; 1 Jones on Mortgages, 889.

YOUNG, J. The plaintiff brought this action to determine adverse claims to 160 acres of land situated in Walsh county. The complaint, which is in the statutory form, alleges that the plaintiff is the owner of the premises, and that the defendants claim certain estates or interests in or liens or incumbrances upon the same adverse to the plaintiff, and prays that they be required to set them forth and that their validity and priority be determined. The defendants answered, setting out their several claims to the premises. The issues presented by the answers were fully covered by the findings. The trial court found that the plaintiff is the owner of the premises free from all liens and incumbrances claimed by the defendants, except a mortgage for $1,210 in favor of the defendant Harris, the validity of which was confirmed. In all other respects the findings were adverse to the defendants. The plaintiff has appealed from the judgment, and assigns error upon the judgment roll.

It is contended that the trial court erred in sustaining the Harris mortgage. The facts essential to a review of this question are as follows: On December 20, 1889, the land in question was owned by one Honore Savard. On that date Savard and wife executed and delivered a conveyance of the same to one Joseph Deschenes,

which conveyance, although in form a warranty deed, was given for security, and was, as between the parties, a mortgage. No written defeasance was executed, acknowledged and recorded. On December 12, 1900, Deschenes was adjudged a bankrupt, and one R. B. Griffith was made trustee. Savard had paid to Deschenes his entire indebtedness prior to the latter's failure. On March 25, 1901, Griffith, as trustee, executed and delivered a deed of the premises to the plaintiff. On December 10, 1901, Savard gave his promissory note to the defendant, C. A. Harris, for $1,210, and gave a mortgage upon the premises in question to secure it. The note was given for a pre-existing indebtedness which Savard owed to the defendant bank, and both the note and the mortgage were for the bank's benefit. Subsequently and on April 15, 1903, Savard executed a quitclaim deed of the premises to the plaintiff. All of the instruments referred to were recorded at or about the date of their execution. The plaintiff had actual notice when he purchased from the trustee that the conveyance to Deschenes was for security. Both Harris and the bank had actual notice of the trustee's deed to the plaintiff when the mortgage to Harris was executed by Savard. It does not appear that Deschenes' creditors had actual notice that the conveyance which he had received from Savard was other than what it purported to be, i. e., an absolute conveyance.

From these facts the trial court found that the Harris mortgage is a valid lien. There is no question as to the correctness of the finding that the plaintiff has the legal title of the premises, and this is true, whether Savard's conveyance to Deschenes be given effect either as an absolute conveyance of title or a mortgage merely creating a lien; for, as already stated, the plaintiff holds under two deeds, one from Savard, who concededly was the owner prior to his conveyance to Deschenes, and the other from Deschenes' trustee in bankruptcy, who had succeeded to whatever right or title the bankrupt had in the premises. The plaintiff owns the legal title in any event. The only question is whether it is subject to the Harris mortgage, and this, it will be seen, depends entirely upon the effect to be given to Savard's conveyance to Deschenes. If it be held valid and effective as a conveyance of title, it follows that the mortgage subsequently executed by Savard to Harris does not constitute a lien. But if, on the other hand, it be given effect for what it really was, as between the parties, a mere mortgage,

and not a conveyance of title, in that event, the legal title remained in Savard, his mortgage to Harris creating a valid lien, and was properly sustained by the trial court. It is conceded that the trustee did not in fact acquire title to the premises through Deschenes; and this must be true, for Deschenes had no title to which he could succeed. He merely had a lien, and this had been discharged prior to the trustee's appointment. But the appellant's position is that the trustee succeeded, not only to the rights of the bankrupt, but also to the rights of the creditors of the bankrupt, and that as to them, and therefore as to him as their representative, the true nature of Savard's conveyance to the bankrupt cannot be shown, but must be held to be what it purports to be, i. e., an absolute conveyance of title. If this view be sustained, it is apparent that the trustee's deed was effective as a conveyance of title, and the Harris mortgage is a nullity. In our opinion this contention cannot be sustained. It is based upon section 4730, Rev. Codes 1899, which reads as follows: "When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice, unless an instrument of defeasance duly executed and acknowledged shall have been recorded in the office of the register of deeds of the county where the property is situated."

It is contended that under the terms of this section a general creditor has a right to stand upon the form of a conveyance executed to his debtor regardless of its true nature, when a defeasance has not been executed, acknowledged and recorded as required by the above section, and that as to him it cannot be defeated or affected. The crucial question is whether creditors are within the protection extended by this section. It is clear to us that they are not. The purpose of the section is to declare the consequences which will follow the failure to execute and record a defeasance in connection with a conveyance which is absolute in form, but is intended to be defeasible. The result is that the conveyance shall not be defeated or affected "as against any other person than the grantee or his heirs or devisees or persons having actual notice." Grantees, heirs, devisees and persons having "actual notice" are in express terms excluded from the protection of this section, and it is declared that as to "any person other than" those excepted the

conveyance "is not defeated or affected," unless a defeasance is "executed, acknowledged and recorded." Counsel for appellant contend that in construing this section "we must give the language used its ordinary meaning, except where words and phrases have been interpreted by the legislature," and that, observing this statutory rule, "an absolute grant, though intended merely as security, can no more be defeated as against creditors of the grantee than it can be defeated as against purchasers for value from the grantee. * * * The words in this section, to wit, 'Any other person than * * * ,' etc., embrace, include and comprehend creditors of the grantee just as certainly and plainly as they embrace, include and comprehend purchasers for value from the grantee." There can be no doubt that the language of this section, standing and considered alone, without reference to other sections relating to the same subject, would include creditors within its protection, and, indeed, all persons save those expressly excluded, whether creditors or not. It is, however, a cardinal rule of statutory construction that a statute must be construed in connection with all other statutory provisions relating to the same subject matter. 2 Sutherland on Statutory Construction (2d Ed.) section 368; Wishek v. Becker, 10 N. D. 63, 84 N. W. 590. Applying the foregoing rule, it is apparent that creditors are not included. The section in question is part of the recording laws relating to real estate. It declares the effect of a failure to record a defeasance. Other sections declare the effect of recording and the failure to record conveyances. Section 3597 makes the recording "constructive notice * * * to all purchasers or incumbrancers subsequent to the recording." Section 3594 declares that every conveyance "is void as against any subsequent purchaser or incumbrancer * * * in good faith and for a valuable consideration whose conveyance is first duly recorded." Section 4703 provides that a transfer may be shown to be a mortgage "except as against a subsequent purchaser or incumbrancer for value and without notice, though the fact does not appear by the terms of the instrument." And section 4713 declares that "a mortgage is a lien upon the property mortgaged in the hands of every one claiming under the mortgage, subsequently to its execution, except purchasers and incumbrancers in good faith without notice and for value. * * *" It is thus seen that subsequent purchasers and incumbrancers are elsewhere expressly named as the persons to whom notice is imparted by a recorded

conveyance, and who are protected by a failure to record, and we have no hesitation in holding that it was the legislative intent in enacting section 4730 to extend protection to the same class of persons—that is, subsequent purchasers or incumbrancers—and that, in declaring that a conveyance should not be defeated or affected "as against any person" other than those expressly excluded, "any person" must be understood as meaning any person entitled to the protection of the recording laws, namely, subsequent purchasers or incumbrancers. This in substance was the conclusion reached by the supreme court of South Dakota under the same statutory provisions, and we think the conclusion is sound. Murphy v. Plankinton Bank, 13 S. D. 501, 511, 83 N. W. 575. Other courts, under statutes substantially the same, have reached a like result. Banks v. Jacobs, 10 Mich. 349, 81 Am. Dec. 792; Wolf v. Insurance Co., 115 Wis. 402, 91 N. W. 1014. Some courts have held that the creditors are protected against an unrecorded defeasance. Such decisions will be found to rest either upon statutes expressly protecting creditors, or under a settled policy of interpretation which includes creditors. See Ives v. Stone, 51 Conn. 446; Stephens v. Keating (Tex.) 17 S. W. 37. These decisions have no application in this state, or under the statutes of this state as they existed when this transaction occurred. Section 4730, supra, which is the governing section, and the section preceding it, are the only ones relating to the effect of a failure to record a defeasance, and their provisions, in our opinion, do not conflict with the provisions of any other Code chapter or article. Section 81, Rev. Codes 1899, which establishes a rule for the adjustment of conflicting provisions, has, therefore, no application.

As to Deschenes, the deed in question was a mortgage, and this is true as to Griffith, his trustee in bankruptcy, who is plaintiff's grantor. Plaintiff had full notice and knowledge of its true character, and is not, therefore, for the reasons above stated, within the protection of section 4730 supra. The plaintiff's title was acquired through the quitclaim deed from Savard, which was given after the latter had executed the mortgage to Harris. It follows that the mortgage is a valid lien, and was properly sustained by the trial court.

Judgment affirmed. All concur.