L. R. BAIRD, as Receiver of Citizens State Bank of Maddock, a Corporation, of Maddock, North Dakota, Respondent, v. NORTHERN SAVINGS BANK, a Corporation, of St. Paul, Minnesota, and American National Bank, a Corporation, of St. Paul, Minnesota, Appellants.

(219 N. W. 569.)

**Mortgages — when deed may be proved to be mortgage.**

    1. A transfer in form a deed may be proved to be in fact a mortgage, giving to the parties the relative rights and remedies of mortgagor and mortgagee,

Note.—(1) On admissibility of parol evidence that a written instrument which on its face imports a complete transfer of a legal or equitable estate or interest in property was intended to operate as a mortgage, see annotation in L.R.A.1916B, 27, et seq.; 19 R. C. L. 254; 5 R. C. L. Supp. 1031; 6 R. C. L. Supp. 1112.

except as against a subsequent purchaser or encumbrancer for value and without notice.

**Mortgages — when deed cannot be proved mortgage as to mortgagee, subsequent purchaser for value.**

2. A mortgagee who in good faith purchases the mortgaged property on a foreclosure sale without paying any money except costs of foreclosure, but crediting the amount of the bid on the mortgagor's debt, is a subsequent purchaser for value within the meaning of §§ 6729 and 6755, Comp. Laws 1913, and as to him a deed, absolute in form, cannot be proved to be a mortgage.

**Mortgage — when grantee in absolute deed, paying taxes, cannot have same decreed lien on land.**

3. A grantee in an absolute deed, paying taxes on land so conveyed, cannot, as against a subsequent purchaser at a mortgage foreclosure sale, have them decreed a lien on the land.

Opinion filed May 16, 1928.

Judicial Sales, 35 C. J. § 128 p. 84 n. 92. Mortgages, 41 C. J. § 64 p. 310 n. 64; § 529 p. 570 n. 57; 42 C. J. § 1890 p. 245 n. 86; p. 246 n. 89.

Appeal from the District Court of Benson County, *Grimson, J.*

Action in equity to declare deed a mortgage and to have taxes paid by the grantee decreed a first lien on the land. From a judgment in favor of the plaintiff, defendants appeal.

Reversed and action dismissed.

*Harold B. Nelson,* for appellants.

An instrument, in form a deed, may be proved by oral testimony to be a mortgage as between the parties and all others with knowledge of its purpose. O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849.

"Where an unfounded or illegal demand is made upon a person and the law furnishes him adequate protection against it, or gives him an adequate remedy, instead of taking the protection the law gives him or the remedy it furnishes, he pays what is demanded, such payment is deemed to be a voluntary one." 30 Cyc. 1311.

"The difference between the right acquired by a mortgagee who pays off a tax on property on which his mortgage is given, and the right of one who pays a debt by request, or because of joint liability for the

debt consists in the enforcement of the claim acquired." Stone v. Tilley, 10 L.R.A.(N.S.) 678.

"The claim of the mortgagee who has paid taxes must be enforced as a part of the mortgage debt, and not by independent action against the mortgagor, as for money paid to his use, or under claims of subrogation to the lien of the state or municipality." Horrigan v. Wellmuth, 77 Mo. 542.

"A mortgagor in possession is considered as the owner of the land, and it is his duty to pay the taxes and assessments levied thereon, and it is immaterial that the mortgage is in form a deed absolute on its face." 41 C. J. § 615.

"The mortgagee could also at its election pay taxes and reimburse itself by using its mortgage to enforce collection of the taxes on the property by foreclosure at once or at its pleasure." Farmers Security Bank v. Martin, L.R.A.1915D, 432, 150 N. W. 572.

*Traynor & Traynor,* for respondent.

"Where it is equitable that a person furnishing money to pay a debt of another should be substituted for the creditor or in place of the creditor such person will be so subrogated." 37 Cyc. 470.

"But a party who advances money to another that is used to discharge a valid pre-existing lien on real estate, if not a mere volunteer, is entitled by subrogation to all the remedies which the original lien holder possessed as against the property." 37 Cyc. 471.

ENGLERT, Dist. J. This is an equity action brought to declare a deed a mortgage, and to decree certain taxes paid by the grantee a lien on the land. The facts are as follows:

On December 27, 1919, Emil Tangen was the owner of the west half of the southwest quarter of section three, and the northwest quarter of section ten, township one hundred fifty-one, north of range seventy, west, Benson county, North Dakota. On that day Tangen and his wife mortgaged the said premises by giving three mortgages thereon,—one for $5,000 to the Citizens State Bank of Maddock; one for $500 to the Citizens State Bank of Maddock, and one for $2,963.09 to T. D. Thorsen. The five thousand dollar mortgage was a first lien on the land. This mortgage was assigned to the Northern Savings Bank of St. Paul on the 23rd day of January, 1920. On the 19th day of November,

1921, Tangen and wife gave a fourth mortgage to the Citizens State Bank of Maddock. On the 7th day of April, 1923, Tangen and wife executed and delivered to the Citizens State Bank of Maddock a warranty deed for said land. The consideration therein mentioned was "one dollar and other good and valuable considerations." It also provided that the premises were "free from all encumbrances, except mortgages of record." On the same day, however, the Citizens State Bank of Maddock executed and delivered to Emil Tangen a contract, agreeing to re-convey the said premises to Tangen on the terms therein mentioned. Among other things, it provided that Tangen was to pay all taxes and assessments subsequent to the year 1919. On April 20, 1923, the Citizens State Bank of Maddock, desiring to record its deed, inquired of the county auditor as to the state of the taxes. The county auditor informed the bank that the land had been sold for the 1920 taxes to Benson county, that the 1921 taxes had been paid as subsequent to the certificate, and that the 1922 taxes would have to be paid before the deed could be recorded. The bank was also informed that the 1922 taxes could not be paid as subsequent to the tax certificate because the second installment of the 1922 taxes was not delinquent at that time. The bank paid the 1920, 1921 and 1922 taxes, and received from Benson county assignments of certificates for the 1920 and 1921 taxes, and the usual tax receipt from the treasurer for the 1922 taxes. The deed was recorded on May 3, 1923. The tax receipt for the 1922 taxes was issued by the treasurer on May 8, 1923. The contract was not recorded and defendants had no notice or knowledge of it until the trial of this action. The Northern Savings Bank foreclosed its first mortgage, bid the property in at the sale for the full amount of its indebtedness, and a sheriff's certificate was issued to it on June 16, 1924. This certificate was assigned to the American National Bank of St. Paul on December 13, 1924. After time for redemption expired, the sheriff of Benson County executed a sheriff's deed to the American National Bank, and it obtained title to the said premises. In connection with the foreclosure, the bank re-imbursed the Citizens State Bank of Maddock for the 1920 and 1921 taxes paid on certificate. At the time of the foreclosure, the 1922 taxes appeared of record as having been paid by the then owner of the land. On June 24, 1924, the Citizens State Bank of Maddock closed, and the plaintiff was appointed receiver thereof. Thereafter he

demanded from the defendants reimbursement for the payment of the 1922 taxes. Upon their refusal, the plaintiff, as receiver, on June 11, 1925, brought this action in equity to have the deed of April 7, 1923, given to the bank, declared a mortgage, and praying judgment for the amount of the 1922 taxes paid, and that the same be decreed a first lien on the said land. The trial court adjudged the deed to be in fact a mortgage; that the plaintiff was entitled to recover from the defendants the amount of the 1922 taxes paid, with 12% interest thereon, and decreed the same to be a first and prior lien on the premises, under § 2210 Comp. Laws 1913. From this judgment the defendants have appealed and have asked for a trial de novo here.

The first question presented by this appeal is to determine whether the plaintiff is in a position to have the deed given by Tangen and wife to the Citizens State Bank of Maddock decreed a mortgage. The action is not brought by Emil Tangen to have the deed declared a mortgage. He is not a party to the suit and he did not testify in the case. No equities other than such as arise out of the taxes paid are in the case. The cashier of the Citizens State Bank of Maddock was the only witness that testified to the transaction.

The rule is now well settled that a deed, though absolute in form, intended and understood by the parties thereto to be security for the payment of certain indebtedness due from the grantor to the grantee, will, as between the parties and those having notice either actual or constructive, in equity, be treated as a mortgage, giving to the parties the relative rights and remedies of mortgagor and mortgagee. Altenbrun v. First Nat. Bank, 47 N. D. 266, 181 N. W. 590, 908; Adams v. McIntyre, 22 N. D. 337, 133 N. W. 915; Smith v. Jensen, 16 N. D. 408, 114 N. W. 306; Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677.

The deed from Tangen to the Citizens State Bank of Maddock contains no defeasance of any kind. It is absolute in form. The contract makes no mention of the deed, nor the purpose for which it is given. It is the usual form of contract for deed. By its terms, the Citizens State Bank of Maddock agrees to sell and convey the land by warranty deed to Emil Tangen, on his paying the sum of twelve thousand dollars in installments of one thousand dollars per year commencing with October 1, 1923. The evidence does not disclose the total amount of indebtedness due from Tangen to the Citizens State Bank of Maddock. It does

disclose that Emil Tangen was hopelessly in debt. He had given a crop mortgage to the Farmers State Bank of Hesper, North Dakota, for the 1923 crop to be grown upon the land in question. The cashier of the Citizens State Bank of Maddock objected to that mortgage. He testified:

"The conversation was in regard to a crop mortgage that he had given to the Farmers State Bank of Hesper to which we objected and which he stated had been given without his consent, that is the crop mortgage had been inserted into the settlement without his consent, that was at the time when the two could be combined in one mortgage, and I stated to him at that time unless he eliminated the crop mortgage we would have to foreclose our mortgage on the chattels.

"And then we went to the bank at Hesper and asked them to release their mortgage which they refused to do and then afterwards I made a deal with Tangen whereby they were to give us a deed to the land in order to cut out the crop mortgage and at the same time, we gave them back a contract for the land."

On cross-examination, he testified:

Q. But the result of the conversation was that you and he arrived at an understanding whereby he was to deed this land to the bank and the bank was to give him a contract for deed back in order to defeat the chattel mortgage given to the Farmers State Bank of Hesper? A. That is correct.

On this testimony we are compelled to find as a fact that the bank took the deed for the purpose of defeating a crop mortgage given by Tangen to the Farmers State Bank of Hesper. It could do that only through ownership of the land. The rights of the plaintiff must be measured by the same rules of law and equity that would govern in case the Citizens State Bank of Maddock had brought this action. The deed from Tangen to the bank was duly recorded, but, having no defeasance terms, it provided no notice, either actual or constructive, to any purchaser that it was intended as a mortgage. The contract was not recorded.

Section 6729, Comp. Laws 1913 provides:

"The fact that a transfer was made subject to a defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage,

be proved, except as against a subsequent purchaser or encumbrancer for value and without notice, though the fact does not appear by the terms of the instrument."

Section 6755, Comp. Laws 1913 provides:

"When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice unless an instrument of defeasance duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated."

In Vallely v. First Nat. Bank, 14 N. D. 580, 5 L.R.A.(N.S.) 387, 116 Am. St. Rep. 700, 106 N. W. 127, § 6755, supra, was construed by this court, and it was there decided that a general creditor does not come within and is not protected by that section, and that the words or phrase "any person," as used in that statute, means subsequent purchasers and encumbrancers.

The cases, from other jurisdictions, are in hopeless conflict on the subject of whether a purchaser at an execution sale may be regarded as a purchaser within the meaning of the registry acts, and entitled to the protection afforded by §§ 6729 and 6755, supra. The difficulty is well illustrated by the recent case of Bucholz v. Hinzman, 44 S. D. 336, 183 N. W. 993. The supreme court of South Dakota held that their section 1575, which is identical with our § 6755, is entirely independent of the registry acts, and that the words "any person," as mentioned in the statute, protect any purchaser, and that they should not be limited or enlarged upon to mean subsequent purchasers and encumbrancers in good faith and for value. The court overruled its prior decision (Murphy v. Plankington Bank, 13 S. D. 501, 83 N. W. 575), wherein it·was held that the words "any person" meant a purchaser or encumbrancer in good faith. But, by the decision of Vallely v. First Nat. Bank, supra, this court is committed to the interpretation given the words "any person," as meaning subsequent purchasers or encumbrancers.

The difference of opinion may be accounted for because some courts hold that a purchaser at an execution sale acquires no greater right or title than the judgment debtor has at that time. But whatever the rights of a purchaser at an execution sale may be, and on this we ex-

56 N. Dak.—52.

press no opinion, the purchaser at a mortgage foreclosure sale stands on a different footing. He acquires such title as would have passed by the mortgage originally if it had been an absolute deed, together with any subsequently acquired title which inures to his benefit.

We are, therefore, confronted with the question whether a mortgagee, bidding in the land covered by his mortgage, at his own mortgage foreclosure sale, for the full amount of the debt and costs, is a subsequent purchaser within the meaning of §§ 6729 and 6755, supra. While the amount here involved is small, $154.06, the principle is quite important. We are unable to find any adjudications on the precise point.

Under §§ 6725 and 6726, Comp. Laws 1913, a mortgage on land does not transfer title to the mortgagee and gives him no right to possession thereof, but provides for a mere lien thereon. Those sections have been thus construed by this court in Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W. 792, where it was said:

"In this state by the express provision of our Civil Code, a mortgage is a mere lien, and of itself does not transfer the title or right of possession to the mortgagee or his assignees before or after default in the conditions of the mortgage."

Section 8083, Comp. Laws 1913 provides that a mortgagee may purchase at the mortgage foreclosure sale, saying:

"The mortgagee, his assigns, or their legal representatives, may fairly and in good faith purchase the premises so advertised, or any part thereof, at such sale."

There is no claim of bad faith or unfairness on the part of the mortgagee, in foreclosing and bidding in the property at the sale, and there is no claim of any undue advantage whatever taken by the mortgagee in connection with the said sale. So, the mortgagee, in bidding in the property at the foreclosure sale, comes clearly within the spirit and provision of § 8083, supra. To come within § 6729, the Northern Savings Bank, mortgagee, purchasing at its foreclosure sale, must be a subsequent purchaser for value and without notice.

Section 7287, Comp. Laws 1913, classifies notice as "either actual or constructive." Section 7288, Comp. Laws 1913, says: "Actual notice consists in express information of a fact."

Sections 7289 and 7290 Comp. Laws 1913 read:

"Sec. 7289.  Constructive notice is notice imputed by the law to a person not having actual notice."

"Sec. 7290.  Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself."

The fact that Tangen remained in possession of the land after deeding it to the bank did not impart notice, either actual or constructive, that the bank holding the deed had paid the taxes as a mortgagee.  His possession was consistent with his being a tenant of the bank.  That was indeed their understanding.  On the evidence in this case, there can be no feasible contention that the mortgagee, on the day of the foreclosure sale under its mortgage, and purchasing the property at that sale, had any notice, either actual or constructive, of the existence of the unrecorded contract between the bank and Tangen, within the provision of § 6729, supra.  On bidding in the property at the foreclosure sale for the amount of the debt, without paying any money except costs of foreclosure, was the mortgagee a purchaser for value?

In Barrett v. Eastham Bros. — Tex. Civ. App. —, 86 S. W. 1057, the Texas court of Civil Appeals held that a mortgagee who purchases the property on foreclosure sale without paying any money, but merely crediting the amount of the bid on the judgment against the mortgagor, is a purchaser for value.  Under statutes like ours, we have been unable to find any cases to the contrary where the sale was conducted fairly, openly, and the property bid in for the full amount of the debt secured by the mortgage.

In Ledyard v. Phillips, 47 Mich. 305, 11 N. W. 170, the court said:

"Had a third person been the purchaser at the sale made no such question could have arisen and the present case must be disposed of precisely as though such had been the fact.  The mortgagee acquires the same right and interest at the sale that a third person would, no more no less—the only advantage he has is that to the amount of the decree in his favor he is not obliged to pay over the purchase price to that extent, his bid being a payment of his debt."

This court, in Sletten v. First Nat. Bank, 37 N. D. 47, 163 N. W. 534, held that a mortgagee, bidding at his foreclosure sale, bids on the same terms as others.  In that case Judge Birdzell said:

"The purchaser at the mortgage foreclosure sale is in the same position as one who takes by voluntary conveyance subject to prior encumbrances."

Under our statutes, a mortgagee, purchasing at a foreclosure sale, is a purchaser for value within the meaning of both §§ 6729 and 6755, supra, and entitled to the protection given thereby, provided he comes within the phrase "subsequent purchaser." The doctrine that a mortgage of real estate is a purchase, within the meaning of the recording laws, can have no application in jurisdictions where the mortgage conveys no title. Under §§ 6725 and 6726, supra, the mortgage amounts to a contract by which specific property is hypothecated and confers no title, but is only a special lien. The mortgagee was not, therefore, a purchaser of the land at the time it secured the mortgage. It became a purchaser at the foreclosure sale.

The supreme court of Washington, in Hitchcock v. Nixon, 16 Wash. 281, 47 Pac. 412, had occasion to draw this distinction, under statutes somewhat similar to ours, and held that a mortgage of real estate is not a purchase, and that it does not convey title, within the meaning of the recording laws. The Northern Savings Bank, as mortgagee, purchased the premises at the foreclosure sale long after the deed from Tangen to the Maddock bank, and the contract from the bank to Tangen, was executed and the taxes paid for which a lien is now sought. So far as the record shows, these taxes were paid by the bank as owner, and any one purchasing at the foreclosure sale might well so assume. It is true that the sheriff's certificate on the foreclosure sale to the Northern Savings Bank did not convey complete title. The property was subject to redemption, as provided by the statute.

The interest acquired by the purchaser at a mortgage foreclosure sale is thus stated in 27 Cyc. 1723:

"The purchaser at a valid foreclosure sale acquires all the title, right, and interest of the mortgagor in and to the mortgaged premises, as the same existed at the date of the mortgage, together with any subsequently recorded right or title which should be held, on equitable premises, to inure to his benefit; . . ."

It is the general holding of the courts that, by the sheriff's certificate, the purchaser at a mortgage foreclosure sale acquires an equitable title.

See State ex rel. Forest Lake State Bank v. Herman, 36 N. D. 177, 161 N. W. 1017.

The supreme court of South Dakota, in Bucholz v. Hinzman, 44 S. D. 336, 183 N. W. 993, said:

"We think it was the clear legislative intent expressed in section 1575 to place conveyances of real property absolute in form, but accompanied by defeasance contracts, in a class by themselves, and to declare the effect of a failure to record such defeasances as against any person who may acquire an interest, legal or equitable, in the property conveyed by such deed."

If a third person had purchased the land at the foreclosure sale, there would be no question but what he would be protected by §§ 6729 and 6755, supra.

After a careful review of the statutes and decisions bearing upon the matter in hand, we have no hesitancy in holding that a mortgagee, purchasing in good faith at his mortgage foreclosure sale, though he pays no money except costs of foreclosure and credits the amount of his bid, which in this case was the full amount of the indebtedness, on the debt of the mortgagor, is a subsequent purchaser for value within the meaning of §§ 6729 and 6755, supra, and as to him the deed cannot be proved to be a mortgage. See 35 C. J. 84; Wood v. Chapin, 13 N. Y. 509, 67 Am. Dec. 62; Wood v. Morehouse, 45 N. Y. 368; Tennessee Coal, Iron & R. Co. v. Gardner, 131 Ala. 599, 32 So. 622. To permit taxes paid by an apparent owner to be declared a lien upon the land after the mortgage foreclosure sale, would tend to discourage purchasers at those sales and complicate real estate titles. Such practice should be avoided, unless there is positive law to the contrary. The rule should be the same. whether the purchaser at the foreclosure sale be a third party or the mortgagee, for the statute permitting the mortgagee to bid at his own foreclosure sale clearly contemplates that he shall be permitted to bid upon the same basis as other persons.

As to the other defendant, it was stipulated between the parties as follows:

"That the defendant American National Bank of St. Paul, Minnesota, took over the business of and succeeded to the assets and liabilities of the Northern Savings Bank of St. Paul, a corporation, on December 13, 1924, and the Northern Savings Bank of St. Paul continued as a

corporation only for the purpose of making necessary transfers of assignments, etc., but did not continue in the banking business."

On this stipulation between the parties, the American National Bank stands in the place and stead of the Northern Savings Bank. It took whatever title and right the Savings Bank had and possessed at the date of the assignment, no more, no less. The plaintiff not being entitled to prevail as against the Northern Savings Bank, cannot prevail as against the American National Bank.

For the reasons mentioned, the judgment of the trial court must be reversed, and the action dismissed with costs to appellants. It is so ordered.

NUESSLE, Ch. J., and CHRISTIANSON, BIRDZELL, and BURKE, JJ., concur.

Mr. Justice BURR, being disqualified, did not participate, Hon. M. J. ENGLERT, Judge of the First Judicial District, sitting in his stead.